**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

BRYAN FERGUSON, #59527-060          *

Petitioner                                       *

v.                                                    *          Civil Action No. JKB-16-1424

WARDEN TIMOTHY STEWART,        *

Respondent                                    *
                                               ***

### MEMORANDUM OPINION

Pending is Bryan Ferguson's petition for writ of habeas corpus.  Respondent Timothy Stewart, Warden at the Federal Correctional Institution ("FCI") in Cumberland, Maryland, has filed an unopposed Motion to Dismiss the Petition or for Summary Judgment.  ECF No. 8.[1]  A hearing is unnecessary to resolve the issues presented.  *See* Local Rule 105.6 (D. Md. 2016).  For reasons to follow, the court finds the petition is moot and will grant respondent's motion for summary judgment.

### STANDARD OF REVIEW

Summary judgment is rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion and to identify the parts of the record that demonstrate the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file."  *Id.* at 324 (internal quotation marks omitted).  When the motion is properly supported, the nonmoving party must go beyond

---

[1] Pursuant to *Roseboro v. Garrison,* 528 F.2d. 309 (4th Cir. 1975), Ferguson, who is self-represented, was notified that he was entitled to file an opposition response, with supporting materials.  He has chosen not to respond.

the pleadings and, by citing affidavits or '"depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

Respondent has submitted a declaration from Robert Jennings, Management Analyst, Designation and Sentence Computation Center. ECF No. 8, attachments 3-10.  Additionally, respondent relies on documents attached to the Jennings declaration.  ECF No. 8-2- ECF No. 8-8.  In light of these submissions, the following facts are established for purposes of the motion for summary judgment.

## BACKGROUND

Ferguson is a federal inmate incarcerated at FCI Cumberland, Maryland.  He filed this petition pursuant to 28 U.S.C. § 2241 to request credit toward his federal sentence for jail time that he alleges was awarded to him by a judge in the United States District Court for the Northern District of Ohio, Eastern Division.  *See* ECF 1 (Petition).  Ferguson claims his federal sentence and the Bureau of Prisons' ("BOP") sentence computation do not reflect this award.  *Id.* Notably, Ferguson does not state in the petition the time period for which he should be credited, but when he sought jail time credit through the BOP administrative remedy process, he indicated the dates to be credited were from February 18, 2014, to April 24, 2014.  ECF No. 8-1 n. 1; ECF No. 8-10 at 4.  Since Petitioner has exhausted his administrative remedies only as to these dates, respondent and this court shall assume that he is requesting jail time credit from February 18, 2014, to April 24, 2014.

Respondent asserts Ferguson has been awarded all prior custody credit to which he is entitled and therefore his claim is moot.  Respondent indicates that jail time credit for February 18 to April 24, 2014, has been applied to Ferguson's sentence.

## FACTS

On January 22, 2014, Ferguson was sentenced in the United States District Court for the Northern District of Ohio to a 51-month term of imprisonment.  ECF No. 8-5.  The Court continued Petitioner's bond, and released him on supervision pending notification by the U.S. Marshals to surrender voluntarily to begin service of his federal sentence.  *See* ECF No. 8-2, ECF No. 8-6.

While Petitioner was on supervision, he was arrested on February 18, 2014, by the Cleveland, Cuyahoga County, Ohio, Police Department on charges of discharging a firearm in a habitation, in case number 2013-CRA-039487.  On February 20, 2014, the Ohio court revoked Petitioner's bond in case numbers CR-10-535801-A, CR-13-571475-A, and CR-14-582790-A. On February 20, 2014, bond was set in case number 2013-CRA-039487, and Ferguson was transferred to the custody of Cuyahoga County, Ohio, Sheriff's Department for a bond violation hearing and pending charges.  ECF No. 8-7.

On February 20, 2014, the United States District Court for the Northern District of Ohio revoked Petitioner's federal bond, and the U.S. Marshals placed their warrant and judgment as a detainer with the Cuyahoga County Jail, Cleveland, Ohio.  ECF No. 8.

On April 25, 2014, Petitioner was released to the "exclusive" custody of federal authorities to begin his federal sentence.  ECF No. 8-4, ECF No. 8-5.

The BOP prepared a sentence computation with a 51-month term of imprisonment commencing on April 25, 2014, and applied prior custody credit from December 23, 2012, through December 24, 2012; October 9, 2013; October 29, 2013, to November 8, 2013; and February 18, 2014, through April 24, 2014.  ECF No. 8-5 at p. 4.

On May 6, 2014, while Ferguson was in Federal custody, the State of Ohio sentenced him to a 51-month term of imprisonment in case number CR-14-582790-A, a 36-month term of imprisonment in case number CR-13-571475-A, and an 18-month term of imprisonment in case number CR-10-535801-A, with credit for 68 days of jail credit from October 29, 2013, through November 8, 2013, and from February 21, 2014, through April 18, 2014.  The State Court ordered all terms to run concurrent to each other and to the sentence imposed in the United States District Court for the Northern District of Ohio in case number 1:13-CR-441-001.  ECF No. 8-7.

On August 25, 2015, the United States District Court for the Northern District of Ohio reduced Ferguson's term of imprisonment to a term of 41-months pursuant to the amended sentencing guidelines. ECF No. 8-9.

Ferguson's federal sentence computation was updated to apply a total of 80 days prior custody credits from December 23, 2012, through December 24, 2012, October 9, 2013, October 29, 2013, through November 8, 2013, and February 18, 2014, through April 24, 2014. Ferguson's federal sentence commenced April 25, 2014.  If he receives all good conduct time, his projected release date is February 4, 2017.  ECF No. 8-5.

Petitioner filed an administrative remedy with the Bureau of Prisons asking for jail credit from February 21, 2014, through April 18, 2014.  Initially, his administrative remedy was denied, because it was believed that these dates were awarded toward his state sentence, and were not applicable toward his federal sentence pursuant to Title 18 U.S.C. § 3585(b).  ECF No. 8-2 ¶ 10; ECF No. 8-5; ECF No. 8-10.  However, upon follow up with the State of Ohio, no calculation of jail credit or sentence was done and will not be done until Ferguson returns to state custody.  Therefore, the BOP credited February 21, 2014, through April 18, 2014, to Petitioner's federal sentence.  ECF No. 8-2 ¶¶ 9, 10; ECF No. 8-5.

4

## DISCUSSION

When calculating a sentence, the BOP determines the date the sentence commenced and then decides if the inmate is eligible for any jail time credit.  Prior custody is governed by 18 U.S.C. § 3585(b), which states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added).

As discussed above, the BOP contacted the State of Ohio and learned that no calculation of jail credit or sentence was done and will not be done until Ferguson arrives back into state custody.  The BOP therefore recalculated Ferguson's federal sentence to allow credit for February 21, 2014, through April 18, 2014.  ECF 8-2 ¶ 10; ECF No. 8-5; ECF No. 8-10.  The BOP has updated Ferguson's federal sentence to apply a total of 80 days of prior custody credits from December 23, 2012, through December 24, 2012, October 9, 2013, October 29, 2013, through November 8, 2013, and February 18, 2014, through April 24, 2014.  ECF 8-2 ¶ 9.

A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).  No case or controversy exists unless the petitioner has suffered an actual injury that can "'be redressed by a favorable judicial decision.'"  *Spencer*, 523 U.S. at 7 (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477

(1990)).  Because the BOP has credited Ferguson for his jail time credits, the petition is moot and respondent's motion for summary judgment will be granted.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue without "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2) (2000).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001).  Ferguson has not made the requisite showing, and a certificate of appealability shall not issue.

## CONCLUSION

For these reasons, respondent's motion for summary judgment will be granted.  The court declines to issue a certificate of appealability.  A separate order follows.


Feb. 24, 2017                                          /s/
Date                                        James K. Bredar
                                            United States District Judge

6